ORIGINAL

# In the United States Court of Federal Claims

No. 15-435C
Filed: May 17, 2016

FILED
MAY 17 2016
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BRYAN O. CRANE, Plaintiff, *pro se*, v. THE UNITED STATES, Defendant. | Federal Tort Claims Act, 28 U.S.C. § 2672 (Administrative Adjustment of Claims); Maryland Wage Payment And Collection Law; Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (Jurisdiction); Tucker Act, 28 U.S.C. § 2501 (Statute of Limitations). |

**Bryan O. Crane**, St. James City, Florida, *pro se*.

**Courtney D. Enlow**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS

**BRADEN**, *Judge*.

## I. RELEVANT FACTUAL BACKGROUND.[1]

Bryan O. Crane is a former civilian employee of the Naval Air Systems Command ("NAVAIR"). Compl. ¶ 2. On February 12, 2000, Mr. Crane was injured in a work-related accident. Compl. at 10.[2] On February 3, 2003, Mr. Crane reported back to NAVAIR for work. Compl. at 11. On February 7, 2003, Mr. Crane informed NAVAIR that he could not continue

[1] The relevant facts were derived from Plaintiff's April 29, 2015 Complaint ("Compl.") and exhibits attached thereto ("Compl. Exs. 1–28").

[2] Some portions of the April 29, 2015 Complaint have paragraph numbers; others do not. For those portions not within an enumerated paragraph, the court refers to the page number.

working, because "agreed upon ergonomic accommodations were not provided . . . [and] would not be forthcoming within a reasonable period of time." Compl. at 11.

During the subsequent period when Mr. Crane was unable to report to work, he received workers' compensation benefits. Compl. at 10–11. Between February 14, 2003 and April 13, 2005, however, the Defense Financial and Accounting Services ("DFAS"), NAVAIR's payroll provider, also continued to pay Mr. Crane's wages. Compl. Ex. 5, at 12.

On February 13, 2004 and January 3, 2006, to repay wages mistakenly made by DFAS, Mr. Crane sent DFAS two personal checks that totaled $16,837.06. Compl. Ex. 4, at 2; *see also* Compl. Ex. 7, at 1, 3. In addition, Mr. Crane returned five government checks in the total amount of $7,962.38, leaving an outstanding balance of $18,366.84 to be repaid. Compl. Ex. 4, at 2. DFAS also deducted $10,280.00 from offset amounts allowable by law.[3] Compl. Ex. 4, at 2. These deductions left Mr. Crane with an outstanding balance of approximately $8,000.00. Compl. Ex. 4, at 2.

On July 3, 2006, Mr. Crane retired from federal service for medical reasons. Compl. Ex. 3, at 2. At the time of his retirement, DFAS estimated that Mr. Crane was entitled to a lump-sum of $9,755.00 for accrued annual leave. Compl. Ex. 22. Because of Mr. Crane's outstanding balance, DFAS applied his annual leave due to eliminate the outstanding balance for overpaid wages. Compl. Ex. 4, at 2. Mr. Crane claimed that DFAS improperly "confiscated $9,755.00 of vacation pay to apply against [his] alleged and nonexistent debt." Compl. at 13.

On March 19, 2008, Mr. Crane appealed DFAS's actions to the Office of Personnel Management ("OPM"). Compl. Ex. 3, at 2. Mr. Crane disputed DFAS's determination that he owed money for salary overpayment during the tax years 2003 through 2006 and requested reimbursement of the lump-sum annual leave payment that he did not receive. Compl. Ex. 3, at 2. On March 31, 2008, OPM informed Mr. Crane that he had to file a claim with the Department of Navy ("Navy"), before he could file a claim with OPM. Compl. Ex. 3, at 2. On March 31, 2008, Mr. Crane filed a claim with the Navy. Compl. Ex. 3, at 2.

On May 5, 2008, Mr. Crane again sent a letter to the Navy disputing the amount owed. Compl. Ex. 4, at 1. Mr. Crane also asked United States Senator Bill Nelson to intervene on his behalf. Compl. Ex. 4, at 1. On April 24, 2008, DFAS responded to Senator Nelson including an audit of Mr. Crane's pay records that showed Mr. Crane was entitled to a refund of $1,386.51 that was paid. Compl. Ex. 3, at 3; Compl. Ex. 4, at 2. On September 15, 2009, Mr. Crane's claim was denied. Compl. Ex. 3, at 2.

On October 9, 2009, Mr. Crane provided OPM with a copy of the denial letter. Compl. Ex. 3, at 2. On November 17, 2009, OPM accepted the claim and requested an agency administrative report ("AAR") from the Navy. Compl. Ex. 4; Compl. Ex. 3, at 2. On December 7, 2009, the Navy provided OPM with an AAR, including a detailed Audit Summary of Mr. Crane's pay records from 2003 through 2006. Compl. Ex. 4, at 1. The December 7, 2009 AAR

[3] These sources include state and federal taxes, as shown on Navy Audit Summaries from 2003 through 2006. Compl. Ex. 4, at 2–7.

stated that "[i]t is the position of the [Navy] that the DFAS response to Senator Nelson adequately and completely addresses all of the substantive issues raised by Mr. Crane regarding his salary overpayment and his claim should be disallowed." Compl. Ex. 4, at 1.

On January 25, 2010, Mr. Crane responded that DFAS wrongfully applied his lump sum annual leave towards the balance he owed for wage overpayments. Compl. Ex. 3, at 3.

On November 15, 2012, OPM issued a decision denying Mr. Crane's claim, finding that he had failed to establish that "DFAS calculated his salary overpayment incorrectly." Compl. Ex. 3, at 5.

## II. PROCEDURAL HISTORY.

On April 29, 2015, Mr. Bryan O. Crane ("Plaintiff") filed a Complaint ("Compl.") in the United States Court of Federal Claims, under 28 U.S.C. § 2672[4] and the Maryland Wage Payment and Collection Law,[5] alleging: $49,605.60 for unpaid "vacation and sick pay;" $37,284.18 for "lost investment income from unpaid vacation pay;" $18,540.05 for "lost investment income from unpaid sick pay;" $1,809.36 for unreimbursed travel expenses; and $5,880.42 for "lost investment income from unreimbursed travel expenses." Compl. at 1. The Complaint also seeks $5,000,000 for "physical and mental damages." Compl. at 17–18.

On June 29, 2015, the Government filed a Motion To Dismiss ("Gov't Mot."), pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). On January 20, 2016, Plaintiff filed a Response ("Pl. Resp."). On February 16, 2016, the Government filed a Reply ("Gov't Reply").

---

[4] Section 2672 of the Federal Tort Claims Act provides:

> The head of each Federal agency or his designee ... may consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States for. . . loss of property. . . under circumstances where the United States, if a private person, would be liable to claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 2672.

[5] Maryland Wage Payment and Collection Law, in relevant part, provides:

> Notwithstanding any remedy available under § 3-507 of this subtitle, if an employer fails to pay an employee in accordance with § 3-502 or § 3-505 of this subtitle, after 2 weeks have elapsed from the date on which the employer is required to have paid the wages, the employee may bring an action against the employer to recover the unpaid wages.

Md. Code Ann., Lab. & Empl. § 3-507.2(a) (2008 Repl. Vol., 2010 Supp.).

## III.    DISCUSSION.

### A.    Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400. And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B.    Standard Of Review For *Pro Se* Litigants.

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). This court traditionally examines the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Cl. Ct. 456, 468 (1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a *pro se* complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### C.    The Government's June 29, 2015 Motion To Dismiss.

The court is cognizant of its obligation liberally to construe a *pro se* plaintiff's pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that a "*pro se* document is to be liberally construed"). But, *pro se* plaintiffs must still "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983).

### 1. Whether The Court Has Jurisdiction To Adjudicate The Claims Alleged In The April 29, 2015 Complaint.

#### a. The Government's Argument.

The Government argues that the court does not have jurisdiction to adjudicate the claims alleged in the April 29, 2015 Complaint regarding violations of 28 U.S.C. § 2672 and request for physical and mental damages, because the court does not have jurisdiction to adjudicate tort claims. Gov't Mot. at 6, 8. In addition, the claim regarding violations of the Maryland Wage Payment and Collection Law should be dismissed, because they exceed the court's subject matter jurisdiction. Gov't Mot. at 6. As for Plaintiff's claims for unpaid sick leave and unreimbursed travel expenses, they are barred by the statute of limitations, because the April 29, 2015 Complaint was filed twelve years after his claims for unpaid sick leave and unreimbursed travel expenses accrued in February 2003. Gov't Mot. at 7. Finally, claims for loss of future profits or missed opportunities for investment growth are not recoverable in these circumstances. Gov't Mot. at 8.

#### b. Plaintiff's Response.

Plaintiff responds that he did not intend to file this case relying on Maryland law, but in a prior case the Government stated the proper venue was the United States Court of Federal Claims. Pl. Resp. at 1–2 (citing *Crane v. Naval Air Systems Command*, 2:04-CV-363-FTM-29SPC (D. Fl. 2005).[6] In addition, Plaintiff argues that there is no statute of limitations on wage issues and cites 28 U.S.C. § 2674 for the proposition that Plaintiff is seeking damages that the court can award since they are not punitive damages. Pl. Resp. at 2–3.

#### c. The Court's Resolution.

##### i. Whether The Court Has Jurisdiction To Adjudicate Tort Claims.

The April 29, 2015 Complaint cites 28 U.S.C. § 2672 as authorizing the head of any Federal agency to "consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States for injury or loss of property . . . caused by the negligent or wrongful act . . . of any employee of the agency." 28 U.S.C. § 2672. But, that statute concerns tort claims. It is well-established that the United States Court of Federal Claims does not have jurisdiction to adjudicate tort claims, because the Tucker Act expressly withdraws those claims from the scope of the court's jurisdiction. *See* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . *in cases not sounding in tort*." (emphasis added)); *see also Keene Corp. v. United States*, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the [United States] Court of Federal Claims."). Likewise, the United States Court of Federal Claims cannot adjudicate a claim for "physical and mental damages," that is also founded in tort. *See Garner v. United States*, 230

[6] On May 28, 2004, Plaintiff filed a Complaint in the County Court of the Twentieth Judicial Circuit In and For Lee County, Florida. Court Exhibit A. On July 6, 2004, that case was removed to the United States District Court for the Middle District of Florida. Court Exhibit B. On January 19, 2005, Plaintiff filed a Motion To Dismiss Without Prejudice. Court Exhibit C.

Ct. Cl. 941, 943 (1982) (citing 28 U.S.C. § 1491) ("[R]elief for mental distress and psychological damage is founded in tort.").

For these reasons, the court must dismiss the tort claims alleged in the April 29, 2015 Complaint.

**ii. Whether The Court Has Jurisdiction To Adjudicate State Law Claims.**

The April 29, 2015 Complaint seeks relief under the Maryland Wage Payment and Collection Law. Compl. at 1. The Maryland Wage Payment and Collection Law is a part of the Maryland Labor and Employment state laws that set forth the rights by which Maryland employees receive wages. *See* Md. Code Ann., Lab. & Empl. § 3-507.2(a) (2008 Repl. Vol., 2010 Supp.). Claims founded on state law, however, exceed the scope of jurisdiction of the United States Court of Federal Claims. *See Souders v. South Carolina Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007) ("Claims founded on state law are also outside the scope of the limited jurisdiction of the [United States] Court of Federal Claims.").

For these reasons, the court must dismiss the claim alleged under the Maryland Wage Payment and Collection Law requested by the April 29, 2015 Complaint.

**iii. Whether The April 29, 2015 Complaint's Claim For Unpaid Sick Leave And Unreimbursed Travel Are Barred By The Statute Of Limitations.**

The April 29, 2015 Complaint alleges that Plaintiff is entitled to unpaid sick leave, as of February 28, 2003, and unreimbursed travel expenses that occurred on February 3, 2003. Compl. at 16–17. Section 2501 of the Tucker Act provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The United States Supreme Court has interpreted this statute as setting "jurisdictional limits" and is not subject to equitable tolling. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008). Accordingly, the court cannot adjudicate claims that accrued outside the limitations period, "even if jurisdiction were otherwise proper." *Wilder v. United States*, 277 F. App'x 999, 1000 (Fed. Cir. 2008) (affirming dismissal of payment as time-barred under Section 2501 where the plaintiff's claim accrued ten years before the Complaint was filed.). It is well-established that a claim "accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, *i.e.*, when 'all events have occurred to fix the Government's alleged liability.'" *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (*en banc*)). The claims for unpaid sick leave and unreimbursed travel expenses in this case accrued in February 2003, when the events occurred that fixed the Government's alleged liability.[7] Compl. at 1, 9, 16, 17. The Complaint in this case was not filed

[7] The April 29, 2015 Complaint alleges that Plaintiff did not file a claim for unpaid sick leave at the agency level or at OPM, as follows:

> Since Plaintiff was unable to obtain vacation pay owed to him, Plaintiff did not bother to pursue a claim for sick leave owed to him, until now, Plaintiff felt adding the sick leave

until April 2015, over twelve years after the claims for unpaid sick leave and unreimbursed travel expenses accrued.

For these reasons, the court must dismiss Plaintiff's claims for unpaid sick leave and unpaid travel expenses alleged in the April 29, 2015 Complaint as barred by the six-year statute of limitations.[8]

**iv. Whether The Court Has Jurisdiction To Award Lost Investment Income.**

The April 29, 2015 Complaint seeks an award of lost investment income on his unpaid vacation time, sick leave, and unreimbursed travel expenses. Compl. at 17–18. Plaintiff argues that the court has jurisdiction to make such an award, pursuant to 28 U.S.C. § 2674, because these are not punitive damages. Compl. at 17–18. However, consequential damages, damages for the loss of future profits, or "lost investment income" are not recoverable, because they are too remote or speculative to qualify as compensable damages. *See Solar Turbines, Inc. v. United States*, 16 Cl. Ct. 304, 316 (1989) ("[Recoverable damages] . . . do not include damages that remotely or consequently resulted from the breach, *i.e.*, damages that were too remote or speculative to qualify as compensable damages."); *see also Olin Jones Sand Co. v. United States*, 225 Ct. Cl. 741, 744 (1980)) (observing that future profits rely on speculative and remote factors and cannot be rewarded).

For these reasons, the court must dismiss the claims for lost investment income alleged in the April 29, 2015 Complaint.

---

issue to his claim was pointless, since Employer/DFAS/DON/OPM could not get his vacation claim straight, Plaintiff seemed it would only serve to further confuse them and accomplish nothing.

Compl. at 9.

[8] Even if Plaintiff were entitled to unpaid sick leave and unreimbursed travel expenses as of the date of his retirement, on July 3, 2006, those claims would still be barred by the six-year statute of limitations, because he filed the April 29, 2015 Complaint almost nine years after Plaintiff's retirement.

## IV. CONCLUSION.

For these reasons, the Government's June 29, 2015, Motion to Dismiss is granted. *See* RCFC 12(b)(1). The Clerk of Court is directed to dismiss the April 29, 2015 Complaint.

**IT IS SO ORDERED.**

**SUSAN G. BRADEN**
**Judge**

# COURT EXHIBIT A

FORM 291-3

Page 1 of 2

# Notice to Appear for Pre-trial Conference

**IN THE COUNTY COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA**

Case No.

04-SC-002442
Judge: Hayes, Leigh Frizzell

FILED LEE CO. FLORIDA CLERK OF COURTS
04 MAY 28 PM 4:27
BY D.C.

BRYAN O CRANE

2625 EIGHTH AVENUE
SAINT JAMES CITY, FL 33956
Telephone # (239) 283-7446

Plaintiff(s)

vs.

Naval Air Systems Command

22347 CedarPoint Rd , Patuxent River, MD 20670
by serving: Stewart T. Speck, Deputy Direct Human Resources
Telephone # (301) 342-6868

Defendant(s)

2:04-cv-363-FtM-29SPC

You are hereby notified that the plaintiff has made a claim and is requesting judgment against you in the sum of 1,809.36 as shown by the following Statement of Claim, plus court costs.

The Court will hold a Pre-trial Conference on this claim on the 7 day of July, 2004 at 8:30 M. **Lee County Justice Center, in Courtroom 'H' - 5th Floor, located at 1700 Monroe Street, Fort Myers, Florida.**

PLAINTIFF AND DEFENDANT MUST APPEAR. You should bring any receipts or other written documents with you for this pretrial.

If you desire to file any counterclaim or set-off to plaintiff's said claim, it must be filed with the Clerk of Courts by you or by your attorney in writing at least five(5) days prior to the above date set for pretrial of said claim.

You may come with or without an attorney. Each party represented by Counsel shall be represented at said Pre-trial Conference by the attorney who expects to conduct the actual trial of the cause. And the attorney must have the authorization to settle or his client must be present.

**DATED:** May 28, 2004

CHARLIE GREEN, Clerk of Courts
By: CK Fox
Deputy Clerk
(Seal)

## Statement of Claim

Plaintiff hereby declares that defendant owes plaintiff the sum of $ 1,809.36 arising out of, or as a direct result of the following facts to wit:

I accepted a return to work agreement which included specific stipulations. I was forced to report for work in February 2003 prior to my employer fullfilling any agreed upon stipulations. Per our agreement, all ergonomic accommodations were to be in place when I reported. None of the ergonomic accommodations were in place and would not be for an indeterminent amount of time. The Department of Labor, Office of Worker's Compensation agreed that my employer was wrong and reinstated my full benefits retroactively to the date I left. I am requesting the court award me with reimbursement for car milage and per diem living allowance calculated at the 2003 Federal rates.

FILED
04 JUL -6 AM 10:03
CLERK U.S. DISTRICT COURT MIDDLE DISTRICT OF FLORIDA FT. MYERS, FLORIDA

EXHIBIT 1

2

Wherefore, plaintiff demands judgment for damages against defendant, plus court costs.

DATED: 05/13/04

Plaintiff #1/Agent — Attorney

Plaintiff #2/Agent — Attorney

Plaintiff #3/Agent — Attorney

Plaintiff #4/Agent — Attorney

Plaintiff #5/Agent — Attorney

Plaintiff #6/Agent — Attorney

BRING THIS NOTICE WITH YOU AT ALL TIMES

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Deputy Court Administrator whose office is located at the Lee County Justice Center, 1700 Monroe Street, Fort Myers, FL 33901, and whose telephone number is (239) 335-2299 within two working days of your receipt of this Statement of Claim; if you are hearing or voice impaired, call 1-800-955-8771."

Bryan O. Crane
Case # 250556528
3708 SE 1ST Place
Cape Coral, FL 33904
Phone: (239) 542-0102

October 20, 2002

Jose R Medina
Employment Standards Administration
Office of workers Compensation Programs
DFEC Central Mailroom
P.O. Box 8300 District 6
London, KY 40742-8300

Dear Mr. Medina,

I received your letter on 10/16/02.

I am forced to accept the offer of 9/4/01 to return to work with the ergonomic recommendations outlined in the offer and will perform the job, as I always have, to the best of my ability. I will report on the date NAVAIR tells me the ergonomic adjustments will be in place.

You are forcing me to return to work contrary to the findings and actions of every qualified physician I have seen as well as numerous personnel from the Naval Air Systems Command (NAVAIR) and Washington Office of Worker's Compensation (WOWCP). You have obviously disregarded everything in my file that indicates I should not work in an office environment and arbitrarily decided that I can and should return to work based on flawed evaluations for ergonomic adjustment by other than physicians qualified to render a valid opinion on my condition. The recommendations in the evaluation were properly discounted by NAVAIR and WOWCP based upon valid logical and technical reasons as to why they would not work for my specific work requirements and condition. There will be a high cost associated with putting the ergonomic adjustments into place, disruption, after a three-year absence, to the NNAVAIR office I work in, and a probable exacerbation of my condition.

I was injured on 2/12/00, had successful neck surgery on 3/29/00 that required the reconstruction of five of seven neck vertebrae, and have been unable to work since the accident due to residual permanent spinal cord damage from the accident.

Due to the inexplicable foot-dragging of WOWCP and thereby the extreme uncertainty of our income, my wife and I decided it was in our best interest for her to return to Federal service after a twenty-year absence. My wife accepted a position in December 2001 with the U.S. Army Corps of Engineers (USACE) in Fort Myers, Florida and in late January, 2002 we were relocated to Fort Myers, Florida by the USACE. I will need sufficient time before my notice to report to arrange for living accommodations in the Patuxent River Naval Air Station area. Please notify me as soon as possible of what Worker's Compensation will contribute, if anything, to assist me

in relocating my family and/or to provide temporary housing during a trial period to see if I can in fact work without worsening my condition or endangering my health. Also, will Worker's Compensation continue to cover chiropractic treatments for my chronic subluxation problem while I work?

Since it appears you did not bother to read my response of September 30, 2002, be sure you forward it to my caseworker as it includes important information concerning reimbursement for my medical expenses, which I will now need as soon as possible.

Sincerely,

Bryan Crane

cc:
Human Resources Office
Building 1489, Room 121
23347 Cedar Point Road
Patuxent River, MD 20670

Gerald C. Baker
Baker & Associates, LLC
5900 Princess Garden Parkway, Suite 450
Lanham, MD 20706

DOL101702

250556528 file
250556528
250556528

12810
AIR-10.2
18 December 2002

MEMORANDUM

From: Head, Accounting Procedures Division
To: Mr. Bryan O. Crane, Systems Accountant, GS-0510-13

Subj: RETURN TO DUTY

Ref: (a) Acceptance Letter of 20 Oct 02 from Bryan O. Crane to Jose R. Medina, Employment Standards Administration
(b) Return to Duty Letter of 04 Sep 01 from Perry A. Rothwell

1. In your letter to Jose R. Medina, Employment Standards Administration, dated 20 October 2002, reference (a), you accepted the offer I made to you, reference (b), to return to your current position in accordance with specified accommodations. Therefore, the date for your return to duty is Monday, 13 January 2003.

2. As stated in reference (b), you will return to your current position as a Systems Accountant GS-0510-13 working a six-hour day and your workstation will be modified prior to you reporting to duty. As outlined in reference (b), the modifications to your workstation will include:

a. Voice Activated Computer System
b. Hi/Low Work Table
c. Sit/Stand Stool
d. Hands Free Telephone Headset
e. Document Holder
f. Elevated Reading/Writing Surface
g. Standing, Rotating File Cabinet.

3. Please let me know if you have any questions. My phone number is (301) 757-7736. If you have any questions concerning workers compensation, you may contact Mary Vaughn at (301) 342-6868. Also, consideration will be given to extending your return to duty date if you submit a written request to me within 14 days from your receipt of this memorandum stating your reasons for desiring an extension. Otherwise, you are expected to report to work on Monday, 13 January 2003 as noted in paragraph (1) above.

PERRY A. ROTHWELL

Copy to:
HRO
Mary Vaughn

File Number: 250556528

FF-O-_

U.S. DEPARTMENT OF LABOR

EMPLOYMENT STANDARDS ADMINISTRATION
OFFICE OF WORKERS' COMPENSATION PROGRAMS
PO BOX 8300 DISTRICT 6
LONDON KY 40742-8300
Phone: (904) 357-4777

February 3, 2004

Date of Injury: 02/12/2000
Employee:    Bryan Crane

BRYAN O. CRANE
2625 EIGHTH AVENUE
ST JAMES CITY, FL 33956

Dear Mr. Crane:

I am writing in response to your compensation benefits for the period of February 7, 2003, to present. You were re-employed as a part-time Modified Systems Accountant working six hours per day, conforming to the restrictions placed on you by Dr. Weisher, effective February 3, 2003. Due to your re-employment your monetary compensation was reduced effective February based upon your actual earnings.

You worked until February 7, 2003, at which time you withdrew from the part-time Modified Systems Account position and rescinded your acceptance of their job offer, due to the agency not fulfill their obligation to have the ergonomic equipment, based on restrictions imposed by Dr. Weisher, in place when you arrived.

Due to the ergonomic equipment (higher work table and standing and rotating file cabinet) not being in place when you reported to work, it has been determined that the job offer was not suitable, so your Temporary Total Disability benefits will be reinstated retroactively to February 7, 2003, the date you withdrew and rescinded your acceptance of the part-time Modified Systems Accountant position.

Sincerely,

Robert Wagner
Claims Examiner

NAVY
HUMAN RESOURCES OFFICE
BUILDING 1489  ROOM 121
23347 CEDAR POINT ROAD
PATUXENT RIVER, MD 20670

U. S. General Services Administration

OGP Home | GSA Home | Quick Reference | Mailing List

**Per Diem rates for MARYLAND**
Effective October 1, 2002

Standard CONUS Property List

| Per diem locality (Cities not listed or located in listed counties have a Standard CONUS rate of $55 Lodging & $31 M&IE for FY 2004; for all other years the rate is $55 Lodging & $30 M&IE) | | Maximum | + | | = | Maximum | Property Listing Update |
|---|---|---|---|---|---|---|---|
| Key city (1) | County and/or other defined location (2, 3) | lodging **(excludes taxes)** (a) | | M & IE rate (b) | | per diem rate (4) (c) | Properties at Per diem |
| (For the counties of Montgomery and Prince George's, see District of Columbia.) | | 150 | | 50 | | 200 | Prop. List |
| Annapolis | Anne Arundel | 90 | | 46 | | 136 | Prop. List |
| Baltimore | Baltimore | 137 | | 46 | | 183 | Prop. List |
| Cambridge | Dorchester | 70 | | 34 | | 104 | Prop. List |
| Columbia | Howard | 110 | | 46 | | 156 | Prop. List |
| Frederick | Frederick | 65 | | 34 | | 99 | Prop. List |
| Grasonville | Queen Annes | 75 | | 42 | | 117 | Prop. List |
| Harford County | Harford County | 104 | | 42 | | 146 | Prop. List |
| Lexington Park/ Leonardtown/Lusby | St. Mary's and Calvert | 75 | | 38 | | 113 | Prop. List |
| Ocean City<br>(Jun 15 - Oct 31)<br>(Nov 1 - Jun 14) | Worcester | <br>144<br>59 | | <br>46<br>46 | | <br>190<br>105 | Prop. List<br>Prop. List |
| St. Michaels | Talbot | 100 | | 46 | | 146 | Prop. List |

Feb 1-9, 2003
$113.00 X 9 days = $1,017.00

Accessibility (05/25/2001) OGP-CIO
Privacy Policy

SEARCH:

Updates Site Map Mailing List DOD Civilian Notice

DEPARTMENT OF DEFENSE
PER DIEM, TRAVEL AND TRANSPORTATION ALLOWANCE COMMITTEE

HOME | RATES & ALLOWANCES | TRAVEL REGULATIONS | LODGING & DINING | DIRECTORY | FAQS | QUESTIONS | OTHER SITES

# POV Mileage Rates

| Effective Date | Car | Motorcycle | Airplane |
|---|---|---|---|
| Jun 30, 1991 | $0.25 | | |
| Jan 01, 1995 | $0.30 | $0.20 | $0.45 |
| Jun 07, 1996 | $0.31 | $0.25 | $0.85 |
| Sep 08, 1998 | $0.325 | $0.26 | $0.88 |
| Apr 01, 1999 | $0.31 | $0.26 | $0.88 |
| Jan 14, 2000 | $0.325 | $0.26 | $0.88 |
| Jan 22, 2001 | $0.345 | $0.275 | $0.965 |
| Jan 21, 2002 | $0.365 | $0.28 | $0.975 |
| Jan 01, 2003 | $0.36 | $0.275 | $0.955 |
| **Jan 01, 2004** | **$0.375** | **$0.285** | **$0.995** |

Frequently Asked Questions.

Welcome | Rates | Travel Regulations | FAQS | Lodging & Dining | Directory | Questions | Other Sites

TO REPORT A PROBLEM WITH THIS SITE, CONTACT THE CONTENT MANAGER.

PRIVACY & SECURITY NOTICE

MAPQUEST

 Send To Printer Back To Directions

Stay with Us for a Chance to WIN Your DREAM CAR!

No purchase necessary.
CLICK HERE FOR DETAILS

**Start:** 1248 Calvert Beach Rd
Saint Leonard, MD
20685-2821 US

**End:** Patuxent River, MD
20670 US

**Distance:** 23.16 miles X 5 = 116

**Total Estimated Time:** 48 minutes

| | **Directions** | **Distance** |
|---|---|---|
| START | 1. Start out going West on CALVERT BEACH RD toward GARRISON ST. | 1.1 miles |
| SOUTH 4 | 2. Turn LEFT onto MD-4 S/MD-2 S/LOUIS L GOLDSTEIN HWY. Continue to follow MD-4 S. | 15.6 miles |
| SOUTH 235 | 3. Turn LEFT onto MD-235 S/THREE NOTCH RD. | 4.6 miles |
| | 4. Turn SLIGHT LEFT onto CEDAR POINT RD. | <0.1 miles |
| | 5. Turn LEFT onto CUDDIHY RD. | <0.1 miles |
| | 6. Turn RIGHT onto BUNDY RD. | 0.3 miles |
| | 7. Turn SLIGHT LEFT onto MANDT RD. | 0.2 miles |
| | 8. Turn LEFT onto CEDAR POINT RD. | 1.0 miles |
| END | **End at Patuxent River, MD 20670 US** | |

Commute 5 Days.
116 X .36 = $41.76

WILLISTON RD.

| | |
|---|---|
| 19. SW WILLISTON RD becomes FL-331 N/SE 11TH ST. | 1.8 miles |
| 20. FL-331 N/SE 11TH ST becomes FL-24 E. | 13.4 miles |
| 21. Turn SLIGHT RIGHT onto US-301 N/MAIN ST. Continue to follow US-301 N. | 36.2 miles |
| 22. Merge onto I-10 E via the ramp- on the left- toward JACKSONVILLE. | 12.8 miles |
| 23. Merge onto I-295 N via exit number 356 toward INT'L AIRPORT/SAVANNAH. | 15.0 miles |
| 24. Merge onto I-95 N via exit number 35B- on the left- toward INT'L AIRPORT/SAVANNAH. | 560.2 miles |
| 25. Merge onto I-295 N via exit number 46 toward WASHINGTON. | 42.4 miles |
| 26. Merge onto I-95 N via exit number 43- on the left- toward WASHINGTON. | 20.2 miles |
| 27. Merge onto VA-207 E via exit number 104 toward US-301/BOWLING GREEN/FORT A.P. HILL. | 11.4 miles |
| 28. VA-207 E becomes US-301 N. | 35.8 miles |
| 29. Turn RIGHT onto BUDDS CREEK RD/MD-234. | 5.4 miles |
| 30. Turn LEFT onto TRINITY CHURCH RD. | 2.4 miles |
| 31. Turn SLIGHT LEFT to stay on TRINITY CHURCH RD. | 2.9 miles |
| 32. TRINITY CHURCH RD becomes OLIVERS SHOP RD. | 3.4 miles |
| 33. Stay straight to go onto MD-231/BURNT STORE RD. Continue to follow MD-231 (Portions toll). | 16.0 miles |
| 34. Turn SLIGHT RIGHT onto MD-4 S/MD-2 S/LOUIS L GOLDSTEIN HWY. Continue to follow MD-4 S/MD-2 S. | 5.3 miles |
| 35. Turn LEFT onto W END BLVD. | 0.1 miles |
| 36. Turn RIGHT onto MD-765/ST LEONARD RD. | 1.3 miles |
| 37. Turn LEFT onto CALVERT BEACH RD. | 0.7 miles |

END **End at 1248 Calvert Beach Rd, Saint Leonard, MD 20685-2821 US**

Travel 4 DAys

2,085 X .36 = $750.60

MAPQUEST

Send To Printer Back To Directions

**Start:** 3708 Se 1st Pl
Cape Coral, FL
33904-4823 US

**End:** 1248 Calvert Beach Rd
Saint Leonard, MD
20685-2821 US

**Distance:** 1042.59 miles X 2 = 2085

**Total Estimated Time:** 17 hours, 52 minutes

Turn to a tested, behavioral approach designed to find the one you'll be happiest with - forever.
I'm Serious »

| Directions | Distance |
|---|---|
| START 1. Start out going North on SE 1ST PL toward SE 35TH ST. | 0.2 miles |
| 2. Turn RIGHT onto SE 35TH ST. | 0.1 miles |
| 3. Turn LEFT onto SE 2ND PL. | 0.2 miles |
| 4. Turn LEFT onto SE 4TH AVE. | 0.1 miles |
| 5. Turn RIGHT onto SE 33RD TER. | <0.1 miles |
| 6. Turn RIGHT onto SE 4TH PL. | 0.1 miles |
| 7. Turn LEFT onto SE 34TH TER. | 0.5 miles |
| 8. Turn LEFT onto COUNTRY CLUB BLVD. | 1.2 miles |
| 9. Turn RIGHT onto VETERANS MEMORIAL PKWY/CR-884 E. | 0.7 miles |
| 10. Take the DEL PRADO ramp. | 0.1 miles |
| 11. Stay straight to go onto VETERANS MEMORIAL PKWY/CR-884 E. | <0.1 miles |
| 12. Turn LEFT onto DEL PRADO BLVD S/CR-867A. Continue to follow DEL PRADO BLVD S. | 9.6 miles |
| NORTH 41 13. Turn LEFT onto N TAMIAMI TRL/FL-45 N/US-41 N. | 10.4 miles |
| 14. Turn SLIGHT RIGHT onto TUCKERS GRADE/CR-762 E. | 1.1 miles |
| 15. Turn LEFT. | <0.1 miles |
| NORTH 75 16. Merge onto I-75 N toward TAMPA. | 226.1 miles |
| 382 EXIT 17. Take the SR-121 N exit- exit number 382- toward GAINESVILLE. | 0.2 miles |
| 18. Turn LEFT onto FL-121 N/SW WILLISTON RD. Continue to follow SW | 3.7 miles |

# COURT EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FILED
04 JUL -6 AM 10: 03
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

**BRYAN O. CRANE,**

**Plaintiff,**

**v.**

**Case No. 2:04-CV-363-FTM-29SPC**

**NAVAL AIR SYSTEMS COMMAND,**

**Defendant.**

______________________________/

## NOTICE OF REMOVAL

The Naval Air Systems Command, Department of the Navy, United States Department of Defense, an agency of the United States of America, by and through the United States Attorney for the Middle District of Florida and the undersigned Assistant United States Attorney, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, hereby removes this action from the County Court of the Twentieth Judicial Circuit of Florida, in and for Lee County, Florida, to the United States District Court for the Middle District of Florida, Fort Myers Division. The grounds for this removal are as follows:

1. On or about May 28, 2004, the Plaintiff filed a statement of claim initiating a civil action captioned *Bryan O. Crane v. Naval Air Systems Command*, Case No. 04 - SC - 002442, County Court, Twentieth Judicial Circuit, in and for Lee County, Florida.

2. Copies of the summons and statement of claim and all other process, pleadings, orders and papers required by Rule 4.02(b) of the Rules of the United States District Court for the Middle District of Florida, are attached hereto and made a part hereof as composite Exhibit 1.

3. The statement of claim alleges that the Plaintiff is entitled to per diem payments and reimbursement for mileage in connection for his return to work pursuant to an agreement with the Naval Air Systems Command in connection with his claim for handicap related workplace accommodations.

4. Title 28, United States Code, Section 1442(a)(1), permits removal of any civil action commenced in a local court against "[t]he United States or any agency

thereof...for any act under color of such office." This action is against the Naval Air Systems Command for official actions of the Naval Air Systems Command, and is thus removable under section 1442(a)(1). Among the defenses to be asserted by the Naval Air Systems Command will be sovereign immunity, lack of subject matter jurisdiction, and failure to exhaust administrative remedies.

5. This Notice is filed within the time required by 28 U.S.C. §§ 1446(b).

6. A copy of this Notice of Removal has also been filed or caused to be filed this date with the Clerk of the Court of Lee County as required by law.

7. Nothing herein shall be construed to waive any defense available to the United States, including its agencies, officers or employees. Nothing herein constitutes an admission that this Court has jurisdiction of the subject matter of any claim asserted against the United States, including its agencies, officers or employees. Indeed, the United States, including its agencies, officers and employees hereby expressly reserve all defenses to this action, including but not limited to jurisdictional defenses.

Respectfully submitted,

**PAUL I. PEREZ**
United States Attorney

By: Mark A. Steinbeck
Assistant United States Attorney
Florida Bar No. 913431
2110 First Street, Suite 3-137
Fort Myers, Florida 33901
Telephone: (239) 461-2200
Facsimile: (239) 461-2219

**Notice of Removal**
**Case No. 2:04-CV-____-FTM-29_____**

**Page 3**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been provided by First Class U.S. Mail on this 7th 6th day of July, 2004, to the following:

Bryan O. Crane
2625 Eighth Avenue
Saint James City, Florida 33956
Telephone: (239) 283-7446

Mark A. Steinbeck
Assistant United States Attorney

FORM 291-4

IN THE COUNTY COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA SMALL CLAIMS DIVISION

BRYAN O CRANE

2625 EIGHTH AVENUE
SAINT JAMES CITY, FL 33956
Telephone # (239) 283-7446
Plaintiff(s)

VS.

Naval Air Systems Command

22347 CedarPoint Rd , Patuxent River, MD 20670
by serving: Stewart T. Speck, Deputy Direct Human Resources
Telephone # (301) 342-6868
Defendant(s)

04-SC-002442
Judge: Hayes, Leigh Frizzell

Case No. ____________
Refer to this No. in making any inquiries

**SUMMONS/NOTICE TO APPEAR FOR PRE-TRIAL CONFERENCE**
STATE OF FLORIDA – NOTICE TO PLAINTIFF(S) AND DEFENDANTS(S)

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the **Lee County Justice Center, in Courtroom '4' - 5th Floor, located at 1700 Monroe Street, Fort Myers, Florida** on the 7 day of July, 2004 at 8:30 AM. for a PRE-TRIAL CONFERENCE.

**IMPORTANT – READ CAREFULLY THE CASE WILL NOT BE TRIED AT THAT TIME DO NOT BRING WITNESSES - APPEAR IN PERSON OR BY ATTORNEY**

A corporation may be represented at any state of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pre-trial Conference.

The defendant(s) must appear in court on the date specified in order to avoid a Default Judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the Court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRE-TRIAL CONFERENCE. The date and/or time of the Pre-Trial Conference CANNOT be rescheduled without good cause and prior court approval.

The purpose of the Pre-Trial Conference is to record your appearance, to determine if you admit all or part of the claim, to enable the Court to determine the nature of the case, and to set the case for Trial if the case cannot be resolved at the Pre-Trial Conference. You or your attorney should be prepared to confer with the Court and to explain briefly the nature of your dispute; state what efforts have been made to settle the dispute; exhibit any documents necessary to prove the case; state the name and addresses of your witnesses; stipulate the facts that will require no proof and will expedite the trial; and estimate how long it will take to try the case. Each party represented by Counsel shall be represented at said Pre-Trial Conference by the attorney who expects to conduct the actual trial of the case. And the attorney must have the authorization to settle or his client must be present.

If you admit the court claim, but desire additional time to pay, you must come and state the circumstances to the Court. The Court may or may not approve a payment plan and withhold Judgment or Execution of Levy.

RIGHT TO VENUE. The law gives a person or company who has sued you the right to file suit in any of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s) have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: 1) Where the contract was entered into: 2) If suit is on an unsecured promissory note, where note is signed or where maker resides; 3) If the suit is to recover property or to foreclose a lien, where the property is located: 4) Where the event giving rise to suit occurred; 5) Where any one or more of the defendant(s) sued resides; 6) Any location agreed to in a contract. In an action for money due, if there is no agreement as to where the suit may be filed, proper venue lies in the county where payment is made.

If you as a defendant(s) believe the plaintiff(s) has/have not sued in one of these correct places. you must appear on your court date and orally request a transfer or you may file a WRITTEN request for transfer, in affidavit form (sworn under oath) with the Court seven days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney.

A copy of the Statement of Claim shall be served with the Summons.
DATED at Fort Myers, Florida on this 28 day of May, 2004

CHARLIE GREEN,
CLERK OF COURTS

By: [signature] (Seal) Deputy Clerk

**IMPORTANT INFORMATION– READ CAREFULLY**
**BRING THIS NOTICE WITH YOU AT ALL TIMES**

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Deputy Court Administrator whose office is located at the Lee County Justice Center, 1700 Monroe Street, Fort Myers, FL 33901, and whose telephone number is (239) 335-2299 within two working days of your receipt of this Statement of Claim; if you are hearing or voice impaired, call 1-800-955-8771."

# COURT EXHIBIT C

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRYAN O. CRANE,

Plaintiff,

vs. Case No. 2:04-cv-363-FtM-29SPC

NAVAL AIR SYSTEMS COMMAND,

Defendant.
_______________________________________/

**ORDER**

This matter comes before the Court on plaintiff's Motion to Dismiss Without Prejudice (Doc. #31), filed on January 19, 2005. No answer or motion for summary judgment has been filed by any defendants, therefore, plaintiff may dismiss the case without consent.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Pursuant to Fed. R. Civ. P. 41(a)(1), this action is **DISMISSED** without prejudice. The Clerk of the Court is directed to enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure dismissing the case without prejudice.

2. The Clerk is further **directed** to terminate all previously scheduled deadlines and pending motions, and close the file.

**DONE AND ENTERED** at Fort Myers, Florida, this 20th day of January, 2005.

JOHN E. STEELE
**United States District Judge**

Copies to:
Hon. Sheri Polster Chappell
Pro se party
Counsel of Record
DCCD